UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>   Plaintiff,<br>v.<br><br>NTC & Co. LLP, as former custodian of an Individual Retirement Account for the benefit of Robert M. Wallack; and ROBERT M. WALLACK,<br><br>   Defendants. | Adv. Pro. No. 10-04834 (BRL) |

**STIPULATION AND ORDER FOR
VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), by and through his counsel, Baker & Hostetler LLP, and defendant NTC & Co. LLP ("NTC" or "Defendant"), by and through its counsel, Bryan Cave LLP (collectively, the "Parties"), represent as follows:

WHEREAS on December 1, 2010 (the "Commencement Date"), the Trustee filed and

thereafter served the Complaint against Defendant.

WHEREAS the Parties have met and conferred to negotiate a consensual dismissal of Defendant from the above-captioned adversary proceeding (the "Proceeding").

WHEREFORE the Parties hereby stipulate and agree to the following:

1. In accordance with Federal Rule of Bankruptcy Procedure 7041(a)(1)(ii), and Federal Rule of Civil Procedure 41(a)(1), the Parties hereby stipulate to a dismissal without prejudice of the Trustee's claims (the "Claims") against Defendant in the Proceeding.

2. As of the Commencement Date, and through the pendency of the Proceeding, (the "Forbearance Period"), the running of time under any applicable statute(s) of limitations respecting any of the Claims is tolled, and the Forbearance Period shall not be asserted or relied upon in any way by NTC (i) in computing the running of time under any applicable statutes(s) of limitations, or (ii) by way of laches or any other time-based defenses (whether in law or equity), or (iii) otherwise, in defense of any Claims that may ultimately be asserted by the Trustee against NTC in this Proceeding, providing, however, that nothing herein shall preclude NTC from asserting any statute of limitation(s) that expired prior to the Commencement Date.

3. Defendant agrees that it shall make itself reasonably available to the Trustee in connection with the settlement or other resolution of this Proceeding or any other adversary proceeding commenced by the Trustee to the extent the Trustee determines in his sole discretion that Defendant's cooperation is required to effectuate any settlement or resolution. For the avoidance of doubt, nothing in this Paragraph (3) shall obligate NTC to pay or otherwise contribute funds to any party in connection with such cooperation.

4. Except as set forth in Paragraph (2) above, the Parties reserve all rights, claims and defenses they may have, and entry into this Stipulation shall not impair or otherwise affect

such rights, claims and defenses.  Nothing contained in this Stipulation can or shall be construed as an adjudication on the merits of claims that the Parties may have against each other or any other party, or as an admission or acknowledgement of any claim or defense as against the other by either Party.

5. Upon this Stipulation being so ordered by the Court, the notice of appearance filed by counsel for NTC in this Proceeding shall be deemed withdrawn.

6. Upon the dismissal of Defendant, the caption for this Proceeding is hereby amended to delete NTC from the caption.  The amended caption of the Proceeding shall appear as indicated on Exhibit A to this stipulation.

7. The provisions of this Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

8. This Stipulation may be signed by the Parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument.  A signed facsimile, photostatic or electronic copy of this Stipulation shall be deemed an original.

Dated: April 25, 2011

Of Counsel:

|  |  |
|---|---|
|  | By: */s/ Marc E. Hirschfield* |
| **BAKER & HOSTETLER LLP** | **BAKER & HOSTETLER LLP** |
| 1000 Louisiana, Suite 2000 | 45 Rockefeller Plaza |
| Houston, Texas 77002-5018 | New York, New York 10111 |
| Telephone: (713)751-1600 | Telephone: (212) 589-4200 |
| Facsimile: (713)751-1717 | Facsimile: (212) 589-4201 |
| Dean D. Hunt | David J. Sheehan |
| Email: dhunt@bakerlaw.com | Email: dsheehan@bakerlaw.com |
|  | Marc E. Hirschfield |
|  | Email: mhirschfield@bakerlaw.com |
|  | Marc Skapof |
|  | Email: mskapof@bakerlaw.com |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

By: /s/ Thomas J. Schell
**BRYAN CAVE LLP**
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: 212.541.2000
Facsimile: 212.541.3630

*Attorneys for Defendant NTC & Co. LLP*

SO ORDERED

/s/Burton R. Lifland
Dated: April 25, 2011         HON. BURTON R. LIFLAND
   New York, New York       UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br>v.<br><br>ROBERT M. WALLACK,<br><br>       Defendant. | Adv. Pro. No. 10-04834 (BRL) |